HURWITZ, Circuit Judge,
concurring:
I concur in Judge Farris’ thorough opinion. I write separately only to emphasize that the judgment as a matter of law as to UNM’s antitrust claims also comfortably rests on another ground identified by the district judge: No jury could reasonably find that SDC engaged either in monopolization or an attempt to monopolize by mandating that its own employees clean its building. See Cal. Computer Prods., Inc. v. Int’l Bus. Machs. Corp., 613 F.2d 727, 734 (9th Cir.1979) (“[A] directed verdict is proper, even in an antitrust case, when ‘there is no substantial evidence to support the claim.’ ” (quoting Santa Clara Valley Distrib. Co. v. Pabst Brewing Co., 556 F.2d 942, 945 n. 1 (9th Cir.1977))).
To succeed on its Sherman Act monopolization claims, UNM had the burden of proving that SDC possessed monopoly power over a specific product in a specific geographic market. 15 U.S.C. § 2; Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP, 592 F.3d 991, 998 (9th Cir.2010). The district court concluded that the relevant downstream market was, at best, trade show cleaning services for exhibition and meeting spaces in the San Diego area. Despite the testimony of UNM’s expert, no reasonable finder of fact could conclude that the relevant geographic market for cleaning services consisted only of the San Diego Convention Center. It beggars reason to define the relevant market as a single customer who decides to use its own employees to perform routine cleaning services, rather than hire others do so. See Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 242, 113 S.Ct. 2578, 125 L.Ed.2d 168 (1993) (“Expert testimony is useful as a guide to interpreting market facts, but it is not a substitute for them”). UNM employees — who perform typical cleaning services, such as vacuuming and wiping down exhibition booths — plainly could clean other meeting spaces and convention facilities in San Diego. See Todd v. Exxon Corp., 275 F.3d 191, 202 (2d Cir.2001) (Sotomayor, J.) (“A greater availability of substitute buyers indicates a smaller quantum of market power on the part of the buyers in question.”).
SDC represents only 43% of the cleaning services market for convention and meeting facilities in the San Diego area. That is not enough to establish actual monopolization. See Twin City Sportservice, Inc. v. Charles O. Finley & Co., 512 F.2d 1264, 1274 (9th Cir.1975). Although SDC’s market share might suffice in connection *879 with an attempted monopolization claim, see Rebel Oil Co. v. Atl. Richfield Co., 51 F.3d 1421, 1438 (9th Cir.1995), such a claim also requires “predatory or anticom-petitive conduct,” Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors, 786 F.2d 1400, 1405 (9th Cir.1986). The district correctly held that no rational finder of fact could conclude that SDC acted anticompetitively and without a legitimate business purpose by using its own employees to clean its own building.